UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

James-Martin: Graham,

    Petitioner,

-vs-

WARDEN, J. GUNTHER,
F.C.I. COLEMAN - LOW,

                             /

CASE NO. 5:24-cv-32-SDM-PRL

Underlying 2:17-CR-0002-LGW-BWC

**EMERGENCY**
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO
TITLE 28 U.S.C. § 2241.

---

**COMES NOW,** James-Martin: of the House of Graham, petitioner, proceeding pro se, sui juris, brings this petition to this Honorable Court, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on the grounds that Petitioner is unlawfully being detained and restrained of his liberty by Warden, J. Gunther, who was allegedly given that authority by Judge Lisa Godby Wood, Chief Judge of the United States District Court Southern District of Georgia, Brunswick Division.

### I. JURISDICTION

This Honorable Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3231.

### II. PARTIES

**Petitioner,** James-Martin: hereinafter, ("Petitioner"), sui juris, is a

private man, bringing this petition, by Special Appearance, not general, deposes and states under the Laws of the united States of America, that the foregoing is true, correct and made with Petitioner's first hand knowledge under 28 U.S.C. § 1746(1) under the penalty of perjury WITHOUT the STATUTORY "Uinted States" and from WITHIN the Constitutional united States of America (the Union States), Petitioner reserves all of his inalienable rights without prejudice pursuant to U.C.C. § 1-308. Petitioner is an inmate, housed at the F.C.I. COleman - LOW Facility in Coleman, Florida.

**Respondent**, WARDEN, J. Gunther, manages the Coleman - Low Facility as its Director at 846 Northeast 54th Terrace, P.O. Box 1031, Coleman, Florida 33521.

### III. CLAIM

In early January of 2024, Petitioner was reviewing his filings on the TRULINC System using the LEXIS NEXIS Law Library, and was shocked when he come upon a filing that he had previously received no response to by mail or otherwise. The filing in question was his Compassionate Release Motion that Petitioner had filed early in July or August of 2020 with the United States District Court Southern District of Georgia, Brunswick Division, which he assumed denied for lack of a formal response. **(ATTACHMENT)**.

The U.S.D.C. Brunswick, has a serious issue when it comes to notifying parties of their orders, as Petitioner's docket entry record reveals, however this is an issue for another day. Petitioner simply informs that in his case that Court on numerous occasion has failed to send him notices, orders, and evidence, and the Court's prosecutor(s) have failed to respond.

Petitioner's filing under U.S.D.C. 2020 U.S. Dist. LEXIS 177122, Case No. 2:17-CR-002, decided on September 24, 2020, Clearly shows his Compassionate Release Motion as being ---GRANTED---, however, Petitioner appears to be illegally

detained and restrained of his liberty. If what is and has been reported to the "public" on LEXIS NEXUS cite is factual and not some sick joke on the Court's, or the Government's part, then Petitioner claims wrongful incarceration. The attached 3 page Opinion of the trial court clearly states to the general public that Compassionate Release was GRANTED, and that the order was stayed for 14 days for verification of defendant's residence, establishment of a release plan which was contained within his original motion. It also states that petitioner shall be released **as soon as** a residence is verified and travel arraingements have been made. To petitioner's uninformed knowledge probation has not checked his residence.

### IV. REMEDY

Petitioner prays that this Honorable Court will instruct the U.S.D.C. S.D. Brunswick, Georgia to Honor its September 24, 2020 Order and release Petitioner to time served as stated in its order, or conduct an inquiry into the cause of the petitioner's continued detention,

Following the hearing, Petitioner be immediately ordered discharged from detention and restraint as was ordered by the trial court as described in this application.

Submitted this 15th day of Jan , 2024.

Respectfully,

By: _James-Martin Graham_
James-Martin: Graham, Proceeding pro se
ID. # 21927-021
F.C.I. Coleman - LOW
P.O. Box 1031   Unit C-1
Coleman, FL 33521-1031

UNITED STATES OF AMERICA v. JAMES MARTIN GRAHAM
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA
2020 U.S. Dist. LEXIS 177122
Case No. 2:17cr002
September 24, 2020, Decided
September 25, 2020, Filed

**Editorial Information: Subsequent History**

Motion denied by United States v. Graham, 2021 U.S. Dist. LEXIS 91258 (S.D. Ga., May 13, 2021)Post-conviction proceeding at, Magistrate's recommendation at, Motion denied by Graham v. United States, 2021 U.S. Dist. LEXIS 236228, 2021 WL 5858585 (S.D. Ga., Nov. 12, 2021)Related proceeding at Graham v. United States FBI, 2022 U.S. Dist. LEXIS 25293, 2022 WL 424979 (D.D.C., Feb. 11, 2022)Habeas corpus proceeding at, Motion denied by Graham v. FCC Coleman - Low Warden, 2022 U.S. App. LEXIS 4552 (11th Cir. Fla., Feb. 18, 2022)Certificate of appealability denied, On remand at United States v. Graham, 2023 U.S. Dist. LEXIS 76465 (S.D. Ga., May 1, 2023)

**Counsel** {2020 U.S. Dist. LEXIS 1}For USA, Plaintiff: Marcela C. Mateo, LEAD ATTORNEY, U.S. Attorney's Office - Savannah, Savannah, GA USA; Brian T. Rafferty, James D. Durham, James Christian Stuchell, E. Gregory Gilluly, Jr., U.S. Attorney's Office - Savannah, Savannah, GA; Channell Veena Singh, Criminal Division, Savannah, GA; Edward J. Tarver, Enoch Tarver, P.C., Augusta, GA.
**Judges:** Lisa G. Wood, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion**

**Opinion by:** Lisa G. Wood

**Opinion**

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of the defendant the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

GRANTED

In The defendant's previously imposed sentence of imprisonment of is reduced to

If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

Time served.

If the defendant's sentence is reduced to time served:

1ykcases                                   1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements,{2020 U.S. Dist. LEXIS 2} and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

The defendant must provide the complete address where the defendant will{2020 U.S. Dist. LEXIS 3} reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of probation or supervised release of months (not to exceed the unserved portion of the original term of imprisonment).

The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

The conditions of the "special term" of supervision are as follows:

The defendant's previously imposed conditions of supervised release are unchanged.

The defendant's previously imposed conditions of supervised release are modified as follows: DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

DENIED IN PART after complete review of the motion on the merits.

FACTORS CONSIDERED (Optional)

Defendant James Graham states that his cystic sinusitis qualifies as an "extraordinary and compelling reason" for his compassionate release under 18 U.S.C. § 3582(c). The Court finds{2020 U.S. Dist. LEXIS 4} that he has exhausted his administrative remedies with regard to this particular medical condition. The Court also finds, however, that Graham has not shown that cystic sinusitis is a qualifying medical condition under § 3582(c). With regard to the CDC's risk assessment of medical conditions for contracting a serious case of COVID-19, the condition is listed as neither an "increased risk" nor a "might be at an increased risk" condition. Moreover, Graham has not provided evidence regarding his cystic sinusitis, and his medical records from the past year do not mention it. Indeed, Graham's medical records generally show that he is in good health.

Moreover, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of denying Graham's request.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

His offense of conviction, possession of child pornography, is quite serious. While he argues that his crime was "victimless," the Court finds otherwise. He was attributed with the equivalent of 4,050 images on his computer. In his motion, Graham shows no appreciation for the seriousness of his offense and minimizes his conduct. The Court finds that Graham would be a danger to the community if released. Furthermore, he has served less than half of his sentence. To grant Graham{**2020 U.S. Dist. LEXIS 5**} compassionate release at the juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

DENIED WITHOUT PREJUDICE IN PART because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Graham has not exhausted his administrative remedies with regard to other medical conditions, specifically hypertension and high body mass index. In order to fully exhaust his administrative remedies for seeking compassionate release based on these medical conditions, Graham should have brought them to the Bureau of Prisons attention in his reduction-in-sentence ("RIS") request. His RIS request mentions only cystic sinusitis. Therefore, the other medical conditions are not properly before this Court for consideration.

IT IS SO ORDERED.

Dated: September 24, 2020

/s/ Lisa G. Wood

UNITED STATES DISTRICT JUDGE

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

